ORIGINAL

Chuck & Paula: Loewen, Civilians
C/O PO Box 11112
Lahaina, Hawaii 96761
Telephone: (808) 667-5053

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 30 2009

at 12 o'clock and 10 min P M.
SUE BEITIA, CLERK

Restricted Appearance
Authorized Representatives for Petitioners

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES D. LOEWEN ) | CIVIL NO. CV09-00459 SOM BMK |
| ACCOUNT NO. XXX-XX-6388, ) | |
| AND ) | |
| PAULA LOEWEN ) | PETITION TO QUASH INTERNAL |
| ACCOUNT NO. XXX-XX-2108 ) | REVENUE SERVICES' SUMMONS; |
| ) | MEMORANDUM IN SUPPORT OF |
| Petitioners ) | PETITION; AFFIDAVITS OF |
| ) | PETITIONERS' AUTHORIZED |
| vs. ) | REPRESENTATIVES; EXHIBIT "A", |
| ) | PROOF OF SERVICE |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

PETITION TO QUASH INTERNAL REVENUE SERVICES SUMMONS

Comes now, pursuant to 26 U.S.C. § 7609, the above-entitled petitioners CHARLES D. LOEWEN – Account Number XXX-XX-6388 and PAULA LOEWEN – Account Number XXX-XX-2108 ("Petitioners" or Petitioner "CDL6388" or Petitioner "PL2108"), by and through their undersigned authorized representatives, Chuck and Paula, who are neither licensed to make legal determinations or to practice law before the above-entitled honorable court ("Court") nor any other court.

PETITIONERS HEREBY PETITION COURT to quash the above-entitled summons ("Summons") in re: CDL6388 and PL2108's alleged tax liability served on AMERICAN SAVINGS BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN, JP MORGAN CHASE NA, MF GLOBAL, INC., TERRITORIAL SAVINGS BANK and TRANSUNION, LLC, for Summons' failure to declare which authority section of Title 26 U.S.C. the Internal Revenue Service ("IRS") is operating under to confer jurisdiction onto Court. See Exhibit "A".

## MEMORANDUM IN SUPPORT OF PETITION

I. INTRODUCTION

The Petitioners are aggrieved parties affronted by an IRS Summons served on the aforesaid AMERICAN SAVINGS BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN, JP MORGAN CHASE NA, MF GLOBAL, INC., TERRITORIAL SAVINGS BANK and TRANSUNION, LLC (collectively "Corporate Entities") for production of records in regard to the alleged IRS tax liabilities attached to either CDL6388 or PL2108 ("Summons").

Petitioners find that such a Summons might be appropriate in the aid of determining a taxpayer's tax liability, but consequently the instant Summons requesting information concerning Petitioners are wholly lacking in foundation.

II. RELEVANT FACTUAL BACKGROUND

Petitioners ask the Court to take judicial notice of facts as authorized by Federal Rule of Evidence 201.

On September 22, 2009, REVENUE AGENT GARETH ALFORD – ID #99-00179 located at IRS C/O 2050 Main Street, Suite 3A, Wailuku, Hawaii 96793 ("Alford"), notified the aforesaid Corporate Entities and Petitioners of The Commissioner of Internal Revenue irregular Summons ("Commissioner"). See again Exhibit "A".

III. DISCUSSION

Petitioners have reason to believe that Alford, before endorsing the Summons, should have first stated that Alford compared his summons with the Commissioner's original summons, yet there is no evidence that Alford had appropriated the Summons by any specific I.R.C. process or delegation. Compare the redelegation features prescribed under §301.7701-9 of the Code of Federal Regulations ("CFR" or "Regulation").

The Petitioners have reason to believe that the service of the instant Summons falls under 26 USC §7603.

26 USC §7603. Service of summons

> (a) In general
> "A summons issued under section **6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602** shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons <u>shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described **with reasonable certainty**</u>." Emphasis throughout Petitioners

Regulation §301.7603-1. Service of summons.

> (a) In general. A summons issued under section **6420(e)(2), 6421(f)(2), 6424(d)(2), 6427(e)(2), or 7602** shall be served by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode. <u>The certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described **with reasonable certainty**</u>.
> (b) **Persons who may serve a summons.** The officers and employees of the Internal Revenue Service <u>whom the Commissioner has designated</u> to carry out the authority given him by Sec. **301.7602-1(b)** to issue a summons are

3

*authorized to serve a summons issued under section **6420(e)(2), 6421(f)(2), 6424(d)(2), 6427(e)(2)**, or **7602**.*

Petitioners believe that if one compares Alford's Summons with the above-stated Code and Regulation, one finds nothing of "*reasonable certainty*" to suggest that the Commissioner issued or designated anyone to issue such an uncertain Summons, not to mention the subject matter of a summons presented under the aforesaid sections above, which only pertain to gasoline and other fuel products, which do not pertain to Petitioners.

Petitioners believe that the instant Summons is void for vagueness and to enforce the Summons it would either fall under:

26 USC §7402(b), i.e. "To enforce summons", in part:

*"If any person is summoned...the district court of the United States...shall have jurisdiction **by appropriate process** to compel such attendance..."*

Or,

26 USC §7604(a) "Jurisdiction of district court", in part:

*"If any person is summoned...the United States district court...shall have jurisdiction **by appropriate process** to compel such attendance..."*

It would appear that §7604(a) and §7402(b) *supra* are identical codes except for the fact that §7604(a) is enjoined to its CFR Regulation, whereas §7402(b) has no Regulation, which Petitioners believe voids out the §7402 statute for want of a Regulation, resulting in a non-application to Petitioners:

Regulation § 301.7604-1 "Enforcement of summons", in part:

(a) "*In general. Whenever any person summoned under section **6420(e)(2), 6421(f)(2)**, or 7602 neglects or refuses to obey such summons...application may be made to the judge of the district court or to a U.S. commissioner for the district within which the person so summoned resides...*"

Therefore the immediate Summons would appear irregular and the Corporate Entities should ignore it for want of certainty

4

concerning Petitioners' property held in their trust, whereas Court should quash the Summons for its lack of evidencing the required *appropriate process*. See also Regulation §301.7602-1 governing the examination of books and witnesses, which obviously appears to bar the attached Summons for its ambiguity.

IV.  CONCLUSION

Petitioners believe that the Summons failed to establish a foundation of fact to determine the revenue taxable activity engaged in, yet missing in the Summons, to enjoin either Petitioner CDL6388 or Petitioner PL2108.

This honorable Court has jurisdiction to quash the apparent unwarranted Summons issued to the Corporate Entities AMERICAN SAVINGS BANK, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN, JP MORGAN CHASE NA, MF GLOBAL, INC., TERRITORIAL SAVINGS BANK and TRANSUNION, LLC for not obeying the mandate of law.

It would appear that if the Summons were left alone, it would offend traditional notions of fair play and substantial justice.

For all of the aforesaid reasons, Petitioners ask Court to take judicial notice of the aforesaid facts and quash the Summons. This conclusion is based on the memorandum, affidavits and the attached Exhibit "A".

DATED:   Lahaina, Maui, Hawaii, September 29, 2009.

By: *Charles Loewen*
    Authorized Representative
    For Petitioner CDL6388

By: *Paula Loewen*
    Authorized Representative
    For Petitioner PL2108

5