IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES D. LOEWEN AND PAULA LOEWEN, | ) ) ) | CIV. NO. 09-00459 SOM/BMK |
| Petitioners, | ) ) ) | ORDER OVERRULING OBJECTIONS |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondents. | ) ) | |

ORDER OVERRULING OBJECTIONS

      At the hearing on February 8, 2010, this court ruled orally and dismissed in part, denied in part Charles D. Loewen and Paula Loewen's motion to quash IRS summonses served on third-party entities.  The court instructed the Government to submit a proposed order, and the Government did so on February 12, 2010.  This court signed the order and entered judgment that same day.  On February 18, 2010, the Loewens filed an objection to this court's action.  To ensure that the Loewens were not prejudiced with respect to any appeal, this court vacated its previous order, and now considers the Loewens' timely objections to the order.  This court overrules the Loewens' objections.

The Loewens first argue that, because the Government's motion to dismiss their motion to quash did not comply with this court's Local Rules, the motion and the arguments within it should be ignored.  On December 11, 2009, this entry was posted on the docket:

> ADVISORY ENTRY. The entry docket number 9 MOTION to Dismiss filed by United States of America was filed incorrectly in this case. Please be advised that the caption affixed to the motion does not describe all supporting documents attached to the filing.  For instance, the caption does not indicate the inclusion of a declaration and exhibits.  The filer may refer to LR 10.2 Form of Papers. The filer is also advised that all parts of a pleading should be attached as separate pdf attachments and labeled accordingly. In this instance, the exhibits and declaration should have been attached to the main document [the motion] as separate pdf attachments and labeled accordingly.  Section 2.6 of the Amended General Order Adopting Electronic Case Filing Procedures states "Each exhibit in a pleading, motion, brief or other electronic filing shall be submitted as a separate ECF attachment to the main document, regardless of the size of the file containing the exhibit.  The filer must label each exhibit clearly when attaching in ECF."

To the extent the Loewens argue that this court erred by failing to strike the Government's motion because it was improperly filed, that argument fails.  Many documents, motions, exhibits, and briefs are filed incorrectly.  A motion's violation of the Local Rules' procedural requirements does not require that the motion itself, as a hard and fast rule, be stricken.

The Loewens also argue that Caroline Newman, a Washington, D.C., Government attorney, violated this district court's Local Rules by filing the Government's motion.  The Loewens appear to object that an attorney not licensed to practice law in Hawaii drafted and signed the motion, and then failed to appear at the hearing.  The Loewens correctly note that an out-of-state Government lawyer may appear before this court if he or she files a written notice of appearance and an affidavit verifying eligibility.  LR 83.1(d).  The Loewens claim that Newman did not file a written notice stating her appearance or an affidavit.  Newman, however, did comply with this court's rules in Miscellaneous Case No. 09-257, in which she was granted leave to appear as Government counsel in any matter.

The Loewens also contend that Newman should have appeared at the hearing, and that Harry Yee, the Government's attorney who did appear, made an improper appearance.  The Loewens cite Local Rule 83.6(a)-(b) as support that the court erred in permitting Yee to appear at the hearing.  Local Rule 83.6(a) states only that a party who appears by an attorney cannot appear or act in its own behalf.  That section does not apply to the Government in this case.  Yee, an Assistant United States Attorney with the United States Attorney's Office in the District of Hawaii, can appear on behalf of the United States. Local Rule 83.6(b) states that an attorney will not be permitted

to be substituted as attorney of record without leave of court. Florence Nakakuni, this district's United States Attorney, has been an attorney of record throughout the case.  No substitution of counsel is required if any attorney with her office appears in a case in which she is already listed.  There is no violation of the Local Rules in this regard.

The Loewens also say that this court's order violates the Federal Rules of Civil Procedure by not having separate fact and law sections, and also violates this court's Local Rules by failing to allow the Loewens seven days to object to the Government's proposed order.  Orders regarding motions to dismiss or motions to quash that do not involve evidentiary hearings need not have separate sections for findings of fact and conclusions of law.  The Loewens cite no provision applicable to any motion in this case.

With respect to the seven-day objection period, Local Rule 52.1 states:

> Except as otherwise ordered by the judge, within seven (7) days after the announcement of the decision of the court awarding judgment in any action tried on the facts without a jury, including actions in which a jury may have been called and may have acted only in an advisory capacity under Fed. R. Civ. P. 39(c), the prevailing party shall prepare a draft of the findings of fact and conclusions of law required by Fed. R. Civ. P. 52(a) and serve a copy on each party who has appeared in the action and mail or deliver two copies to the judge.  Before the court issues a ruling, parties may be

>              required by the court to submit proposed
>              findings of fact and conclusions of law
>              supporting their respective positions.  Any
>              party receiving another party's
>              proposed draft of findings of fact and
>              conclusions of law shall, within seven (7)
>              days thereafter, serve on all other parties
>              and mail or deliver to the judge two copies
>              of a statement of any objections he or she may have to the propos
>              therefor, and a substitute proposed draft of
>              the findings of fact and conclusions of law.
>              The judge shall thereafter take such action
>              as is necessary under the circumstances.

See LR 52.1.  At the hearing, this court explained in detail its reasoning for dismissing the Loewens' petition and asked the Government to submit a written order reflecting the court's oral ruling.  The Government complied, and this court entered the order.  Recognizing that it had mistakenly failed to give the Loewens sufficient time to object to the order before it was entered, this court has vacated the order it prematurely entered and now considers the Loewens' timely objections.  The Loewens further complain that the proposed written order did not include a line for them to indicate approval as to form.  This argument is unpersuasive.  Had the proposed order included such a line, the Loewens apparently would not have signed their approval.  They do not even suggest any prejudice flowing from the absence of those words.

The Loewens' objections have either been addressed (e.g., by vacating the prematurely filed order) or are overruled here.

  The Clerk of Court is directed to file the "Amended Order of Dismissal," to close this case, and to enter judgment for the Government.

 IT IS SO ORDERED.

 DATED: Honolulu, Hawaii, February 22, 2010.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

Loewen v. United States of America, Civil No. 009-00459 SOM/BMK; ORDER OVERRULING OBJECTIONS.